UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMMARK, INC. d/b/a STERLING ASSOCIATES,<br><br>Plaintiff,<br><br>- vs. -<br><br>TRAVELERS PROPERTY AND CASUALTY COMPANY n/k/a THE ST. PAUL TRAVELERS COMPANIES, INC.<br><br>Defendant. | C.A. No.:<br><br>**05-40147 FDS**<br><br>FILING FEE PAID:<br>RECEIPT # _____<br>AMOUNT $ _____<br>BY DPTY CLK _____<br>DATE _____ |

**NOTICE OF REMOVAL OF ACTION**
**PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)**

Pursuant to 28 U.S.C. § 1441, defendants The Travelers Indemnity Company and Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois (incorrectly pled as Travelers Property Casualty Company n/k/a The St. Paul Travelers Companies, Inc.), hereby remove to this court the state court action described below, on the basis of diversity of citizenship. In support of this notice, defendants state:

1. Upon information and belief, on or about July 25, 2005, an action was commenced in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in the County of Worcester, entitled <u>Tommark, Inc. d/b/a Sterling Associates v. Travelers Property and Casualty n/k/a The St. Paul Travelers Companies, Inc.</u>, bearing Civil Action No. 05-1387C. Defendants first received a copy of the summons and complaint on August 1, 2005. Attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446(a), are true and correct copies of the Summons, the Civil Action

Cover Sheet, and Complaint for Declaratory Judgment, which constitute all of the process, pleadings and orders received by defendants. Defendants are not aware of any other pleadings or orders filed in this action and have not been served with any other papers.

2. Plaintiff, Tommark, Inc. d/b/a/ Sterling Associates ("Tommark"), alleges a breach of contract and seeks compensatory relief.

## JURISDICTION AND VENUE

3. This action is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §1332. This action may be removed to this court by defendants pursuant to 28 U.S.C. §1441(b), because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Removal is timely because this notice is filed within 30 days of the filing of the Complaint and, therefore, necessarily also within 30 days of any service that may have occurred. Venue is proper in this court because the action is being removed from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in the County of Worcester, which is located in the District of Massachusetts.

4. Upon information and belief, Tommark is a Massachusetts corporation with a principal place of business in Whitinsville, Massachusetts. Defendants The Travelers Indemnity Company and Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois are both Connecticut corporations with a principal place of business in Hartford, Connecticut. Therefore, there is diversity of citizenship.

5. Plaintiff seeks relief for compensatory damages, including at least $202,736.00 for costs plaintiff allegedly incurred in defending an underlying lawsuit that plaintiff contends

defendants were obligated to defend. Therefore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## **CONCLUSION**

6. The statutory requirements for removal are plainly satisfied. There is diversity of citizenship and the amount in controversy exceeds $75,000.00. Removal of this case to this court is warranted pursuant to 28 U.S.C. § 1441(b).

7. As to the statutory requirements pursuant to 28 U.S.C. §1446:

(a) this Notice of Removal is filed within 30 days of the receipt by defendants of the pleadings setting forth the claim for relief on which the action is based;

(b) defendants are simultaneously providing written notice of the removal of the state court action to plaintiff and the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in the County of Worcester.

Respectfully submitted,

Defendants,

THE TRAVELERS INDEMNITY COMPANY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA f/k/a TRAVELERS
INDEMNITY COMPANY OF ILLINOIS
(incorrectly pled as TRAVELERS PROPERTY
AND CASUALTY COMPANY n/k/a THE ST.
PAUL TRAVELERS COMPANIES, INC.)
By its attorneys,

MORRISON MAHONEY LLP

_____
Brent A. Tingle
One Chestnut Place
10 Chestnut Plaza
Suite 470
Worcester, Massachusetts 01608
Telephone: (508) 757-7777
Facsimile: (508) 752-6224

CERTIFICATE OF SERVICE

I, Brent A. Tingle, Esquire, hereby certify under the pains and penalties of perjury that I have served the foregoing first class mail, postage prepaid, to the following counsel of record:

Timothy . Wickstrom, Esquire
Tashjian, Simsarian & Wickstrom, LLP
370 Main Street
Worcester, MA 01608


Date: August 26, 2005

_____
Brent A. Tingle, Esquire

# CIVIL COVER SHEET

The JS-44 Civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United State in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the Civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**05-40147 FDS**

**I (a) PLAINTIFFS**
Tommark, Inc. d/b/a Sterling Associates

**DEFENDANTS**
The Travelers Indemnity Company and Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois (incorrectly pled as Travelers Property and Casualty Company n/k/a The St. Paul Travelers Companies, Inc.)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U. S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Hartford County, CT
(IN U. S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Timothy P. Wickstrom
Tashjian, Simsarian & Wickstrom, LLP
370 Main Street
Worcester, Massachusetts 01608

**ATTORNEY (IF KNOWN)**
Brent A. Tingle
Morrison Mahoney LLP
One Chestnut Place
10 Chestnut Plaza, Suite 470
Worcester, Massachusetts 01608

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U. S. Government Plaintiff
- ☐ 2 U. S. Government Defendant
- ☐ 3 Federal Question (U. S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This case was instituted in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in the County of Worcester and is being removed by defendant pursuant to 28 U.S.C. § 1441 (removal statute) and 28 U.S.C. §1332 (diversity jurisdiction).

**V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ Patent | ☐ Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer challenge 12 USC 3410 |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ Foreclosure | ☐ Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Equipment | ☐ Housing Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | FEDERAL TAX SUITES | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 87 IRS-Third Party | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ Other | | | |

**VI. ORIGIN** PLACE AN x IN ONE BOX ONLY

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE    DOCKET NUMBER

DATE 8/26/05    SIGNATURE OF ATTORNEY OF RECORD

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

Tommark, Inc. d/b/a Sterling Associates )
)
)
Plaintiff (s) )
)
v. )   **SUMMONS**
)
Travelers Property and Casualty Company n/k/a )
The St. Paul Travelers Companies, Inc. )
Defendant (s) )

✷   To the above-named Defendant:   The St. Paul Travelers Companies, Inc.

You are hereby summoned and required to serve upon ...Timothy..P...Wickstrom................................................................., plaintiff's attorney, whose address is .370..Main..Street,..Worcester,..MA.01608............................................... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse VECCHIO, Esquire, at Worcester, the......27th............ day of ...July......................................in the year of our Lord two thousand and ..five............. .

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✷   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................................................................................
20............, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

............................................................................................................................................................

............................................................................................................................................................

............................................................................................................................................................

Dated: ........................................., 20............ .

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No. ..........................

................................Plaintiff

v.

................................Defendant

SUMMONS

Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.	SUPERIOR COURT DEPARTMENT
C.A. NO. 05-1387C

TOMMARK, INC. d/b/a )
STERLING ASSOCIATES, )
    Plaintiff )
 )
v. ) COMPLAINT FOR
 ) DECLARATORY JUDGMENT
TRAVELERS PROPERTY AND )
CASUALTY COMPANY n/k/a )
THE ST. PAUL TRAVELERS )
COMPANIES, INC. )
    Defendant )

INTRODUCTION

The plaintiff, Tommark, Inc. d/b/a Sterling Associates alleges as its complaint against defendant Travelers Property and Casualty Company n/k/a The St. Paul Travelers Companies, Inc. as follows:

    The plaintiff, Tommark, Inc. d/b/a Sterling Associates seeks a declaration of its rights as a named insured under commercial general liability insurance policies issued by the defendant Travelers Property and Casualty Company n/k/a The St. Paul Travelers Companies, Inc. More specifically the plaintiff Tommark, Inc. d/b/a Sterling Associates seeks a declaration that Travelers Property and Casualty Company n/k/a The St. Paul Travelers Companies, Inc. had a duty to defend in connection with an action brought by Sterling Acceptance Corporation in the underlying action *Sterling Acceptance Corporation v. Sterling Associates, Inc.*, United States District Court for the District of Maryland, C.A. No. H01CV2921. The plaintiff Tommark, Inc. d/b/a Sterling Associates seeks judgment against the defendant Travelers Property and Casualty Company n/k/a The St. Paul Travelers Companies, Inc. as follows: a) declaring that Travelers breached its duty to defend the underlying action; b) awarding Tommark Inc. d/b/a Sterling Associates its attorneys fees, costs and other expenses incurred in defending the underlying action and all other damages sustained as a result of the breach by Travelers of its duty to defend, together with interest accrued and accruing thereon according to law; c) awarding Tommark, Inc. d/b/a Sterling Associates its attorneys fees and costs in this action; d) granting such other and further relief as to which Tommark, Inc. d/b/a Sterling Associates is entitled.

PARTIES

1.    The plaintiff is Tommark, Inc. d/b/a Sterling Associates ("Sterling Associates") a duly organized business with a principal place of business at 49 Church Street, Whitinsville, Massachusetts.

2.    The defendant is Travelers Property and Casualty Company, a member of the Travelers Group, which is now or was formerly a duly organized business located at One Tower Square, Hartford, Connecticut; and upon information and belief The Travelers is now known as The St.

Paul Travelers Companies, Inc. as its successor company, which is a duly organized business with an address of 385 Washington Street, Saint Paul, Minnesota. At all times herein, the defendant is referred to as "Travelers".

## FACTS

3.  The defendant Travelers issued Commercial General Liability policies - policy number 680-379 D4680, effective date 11/10/00 - 11/10/01 and policy number 630-261 X7321 (hereinafter the "policies") effective date 2/1/01 - 2/1/02, which names the plaintiff Tommark Inc. d/b/a Sterling Associates, as an insured.

4.  The policies provide coverage for "advertising injury" and require Travelers to defend any suit seeking damages on account of such "advertising injury" to which the insurance applies.

5.  The insuring agreement further specifies that the advertising injury to which such insurance applies must be "caused by an offense committed in the course of advertising your goods, products or services; but only if the offense was committed … during the policy period" (Coverage B, para.1.b). The term "advertising injury" is defined to include [m]isappropriations of advertising ideas or style of doing business; or . . . [I]nfringement of copyright, titled or slogan" (Section V, para.1.c&d).

6.  The plaintiff Tommark, Inc. d/b/a Sterling Associates timely placed Travelers on notice of a Complaint styled *Sterling Acceptance Corporation v. Sterling Associates, Inc.*, United States District Court for the District of Maryland, C.A. No. H01CV2921 (hereinafter the "Complaint"), a copy of which is attached and marked Exhibit A.

7.  Among other things, the Complaint alleges that your insured "has actively promoted advertised, and actually sold its services in this District, and presently continues to engage in such activities." (Complaint par. 20)

8.  The Complaint goes on to allege that your insured "has and continues to adopt names and trademarks confusingly similar to those of the plaintiff." (Id., paras. 21-24.)

9.  The Complaint cites examples of confusion and mistake allegedly resulting from these uses in June or July 2000 (para. 26), December 2000 (para. 27), mid-1999 to mid-2000 (para. 28); and spring 1999 (para. 29).

10. The Complaint alleged that counsel for the plaintiff in the underlying complaint informed the defendant of its allegations of trademark infringement on July 5, 2001, but defendant refused to comply with plaintiff's demands to discontinue its allegedly unauthorized use of the disputed trademarks (para 30).

11. The Complaint alleges specifically that your insured continues such unauthorized use today, and seeks an injunction against such future uses (paras. 31, 34, 41, 46).

12. The Complaint plainly alleges advertising liability arising from offenses and continuing during the effective dates of both policies issues by the Travelers.

13. The plaintiff Tommark, Inc. d/b/a Sterling Associates is entitled to coverage for any "offense that was committed ..... during the policy period" (Coverage B, para.1.b).

14. Despite demand, Travelers failed and refused to discharge its duty to defend Tommark, Inc. d/b/a Sterling Associates and has refused to reimburse Tommark, Inc. d/b/a Sterling Associates for its defense costs incurred in defending the underlying claim by Sterling Acceptance Corporation, all in breach of the policies at issue.

15. As of May 27, 2004, the plaintiff Tommark, Inc. d/b/a Sterling Associates cost to defend this underlying action was at least $202,736.00, for which the plaintiff Tommark, Inc. d/b/a Sterling Associates claims the defendant Travelers is liable to pay pursuant to the policies at issue.

16. There is an actual existing controversy between the plaintiff Tommark, Inc. d/b/a Sterling Associates and Travelers as to Travelers obligation to defend (and now pay for the defense and all attendant costs thereof) Tommark Inc. d/b/a Sterling Associates in the underlying action, *Sterling Acceptance Corporation v. Sterling Associates, Inc.*, United States District Court for the District of Maryland, C.A. No. H01CV2921.

Wherefore, Tommark Inc. d/b/a Sterling Associates demands judgment as follows:

a) declaring that Travelers breached its duty to defend the underlying action;

b) awarding Tommark Inc. d/b/a Sterling Associates its attorneys fees, costs and other expenses incurred in defending the underlying action and all other damages sustained as a result of the breach by Travelers of its duty to defend, together with interest accrued and accruing thereon according to law;

c) awarding Tommark, Inc. d/b/a Sterling Associates its attorneys fees and costs in this action;

d) granting such other and further relief as to which Tommark, Inc. d/b/a Sterling Associates is entitled.

Tommark Inc. d/b/a Sterling
Associates, by its attorney:

*[signature]*

Timothy P. Wickstrom
Tashjian, Simsarian & Wickstrom
370 Main Street
Worcester, MA 01608
(508) 756-1578
B.B.O. # 541953