## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

------------------------------------

TOMMARK, INC. d/b/a STERLING
ASSOCIATES,

       Plaintiff,

v.

TRAVELERS PROPERTY AND
CASUALTY COMPANY n/k/a THE ST.
PAUL TRAVELERS COMPANIES, INC.,

       Defendant.

------------------------------------

Civil Action No.: 05-cv-40147-FDS

**ANSWER AND
AFFIRMATIVE DEFENSES**

## ANSWER

Defendants The Travelers Indemnity Company and Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois (incorrectly pled as Travelers Property and Casualty Company n/k/a The St. Paul Travelers Companies, Inc.) (collectively, "Travelers"), by and through their attorneys, Morrison Mahoney LLP, answer the Complaint for Declaratory Judgment (the "Complaint") of plaintiff Tommark, Inc. d/b/a Sterling Associates ("Tommark") as follows:

### INTRODUCTION

The Introduction section of the Complaint does not contain any averments that require a response from Travelers. To the extent a response is deemed necessary, Travelers admits only that Tommark seeks the relief identified in the Introduction and denies the remainder. Travelers specifically denies the merits of Tommark's claims and denies that Tommark is entitled to the relief sought.

## PARTIES

1.      Travelers admits only that the plaintiff is Tommark, Inc. d/b/a Sterling Associates, and lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 1 of the Complaint.

2.      Travelers denies that Travelers Property and Casualty Company is a defendant in this lawsuit, as Travelers is unaware of any company with that name. Travelers further denies that "the Travelers Group" is now or was formerly a duly organized business located at One Tower Square, Hartford Connecticut, as Travelers is unaware of any company with that name. Travelers notes that "the Travelers Group" is a generic name that has been used in the past to refer to various related companies. Travelers further denies that The St. Paul Travelers Companies, Inc. is the successor company of either The Travelers Indemnity Company or Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois, the two entities on whose behalf this Answer is interposed. As to this issue, Travelers refers plaintiff to its Corporate Disclosure Statement filed herewith. Travelers further states that The Travelers Indemnity Company and Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois are Connecticut corporations with principle places of business in Hartford, Connecticut.

## FACTS

3.      Travelers admits only that The Travelers Indemnity Company issued to named insured Tommark, Inc. d/b/a/ Sterling Associates policy number I-680-379D468-0-IND-00, with an effective period of November 10, 2000 to November 10, 2003, which policy was cancelled effective November 15, 2000, and policy number I-680-987H980-4-IND-00, with an effective period of November 15, 2000 to November 15, 2003, which policy was cancelled effective

January 2, 2001, and that Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois issued to, among other named insureds, Tommark, Inc. d/b/a Sterling Associates, policy number Y-630-261X7321-TIL-01, with an effective period of February 1, 2001 to February 1, 2002 (collectively, the "Policies"). Travelers denies that the Policies were issued by the entity Tommark has identified as the defendant herein, i.e., "Travelers Property and Casualty Company n/k/a The St. Paul Travelers Companies, Inc." Travelers further states that the provisions, terms, conditions, definitions, limitations and exclusions of the Policies speak for themselves. To the extent the allegations in paragraph 3 of the Complaint differ from, are inconsistent with, or improperly characterize those provisions, terms, conditions, definitions, limitations or exclusions, those allegations are denied.

4.      Travelers states that the provisions, terms, conditions, definitions, limitations and exclusions of the Policies speak for themselves. To the extent the allegations in paragraph 4 of the Complaint differ from, are inconsistent with, or improperly characterize those provisions, terms, conditions, definitions, limitations or exclusions, those allegations are denied.

5.      Travelers states that the provisions, terms, conditions, definitions, limitations and exclusions of the Policies speak for themselves. To the extent the allegations in paragraph 5 of the Complaint differ from, are inconsistent with, or improperly characterize those provisions, terms, conditions, definitions, limitations or exclusions, those allegations are denied.

6.      Travelers states that the allegation in paragraph 6 of the Complaint that Tommark "timely placed Travelers on notice" constitutes a conclusion of law to which no response is necessary. To the extent a response is deemed necessary, Travelers admits only that Tommark notified Travelers of a complaint styled Sterling Acceptance Corporation v. Sterling Associates, Inc., C.A. No. H01CV2921, that was filed in the United States District Court for the District of

Maryland (the "Underlying Action"), a copy of which is attached as Exhibit A to the Complaint (the "Underlying Complaint"), and denies the remaining allegations. Travelers is without knowledge or information sufficient to form a belief as to whether the Underlying Complaint is a true and correct copy of the complaint filed by the plaintiff in the Underlying Action.

7.    Travelers states that the Underlying Complaint is a writing that speaks for itself. To the extent the allegations in paragraph 7 of the Complaint differ from, are inconsistent with, or improperly characterize the Underlying Complaint, those allegations are denied.

8.    Travelers states that the Underlying Complaint is a writing that speaks for itself. To the extent the allegations in paragraph 8 of the Complaint differ from, are inconsistent with, or improperly characterize the Underlying Complaint, those allegations are denied.

9.    Travelers states that the Underlying Complaint is a writing that speaks for itself. To the extent the allegations in paragraph 9 of the Complaint differ from, are inconsistent with, or improperly characterize the Underlying Complaint, those allegations are denied.

10.    Travelers states that the Underlying Complaint is a writing that speaks for itself. To the extent the allegations in paragraph 10 of the Complaint differ from, are inconsistent with, or improperly characterize the Underlying Complaint, those allegations are denied.

11.    Travelers states that the Underlying Complaint is a writing that speaks for itself. To the extent the allegations in paragraph 11 of the Complaint differ from, are inconsistent with, or improperly characterize the Underlying Complaint, those allegations are denied.

12.    Travelers denies the allegations in paragraph 12 of the Complaint.

13.    Travelers states that the provisions, terms, conditions, definitions, limitations and exclusions of the Policies speak for themselves. To the extent the allegations in paragraph 13 of

the Complaint differ from, are inconsistent with, or improperly characterize those provisions, terms, conditions, definitions, limitations or exclusions, those allegations are denied.

14.    Travelers admits only that Tommark demanded that Travelers defend Tommark in connection with the Underlying Action, that Travelers refused to do so and refused to reimburse Tommark for costs Tommark claims to have incurred in connection with the defense of the Underlying Action, and denies the remaining allegations in paragraph 14 of the Complaint. Travelers specifically denies that it had any duty to defend Tommark in connection with the Underlying Action and further denies that it breached the Policies.

15.    Travelers admits only that Tommark claims Travelers is liable to pay $202,736.00 pursuant to the Policies, and is without information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 15 of the Complaint.

16.    Travelers admits only that an actual controversy exists between Tommark and Travelers as to their respective rights and obligations under the Policies with respect to the Underlying Action, and denies the remaining allegations of paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim for relief therein, fails to state a claim upon which relief can be granted against Travelers.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every claim for relief therein, is barred and precluded, or limited in whole or in part, by the provisions, terms, exclusions, definitions, limitations and/or conditions of the Policies.

### THIRD AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that not all conditions precedent and subsequent to the triggering of liability or coverage have been fulfilled.

### FOURTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses are "known losses," "losses in progress," or otherwise not fortuitous.

### FIFTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses resulted from intentional or willful acts of Tommark.

### SIXTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred in that the alleged losses do not constitute "damages" within the meaning of the policy.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred in that the alleged losses do not constitute "advertising injury" within the meaning of the policy.

### EIGHTH AFFIRMATIVE DEFENSE

Coverage under the "advertising injury" provisions of the Policies is barred to the extent that the alleged losses were not caused by one of the enumerated "advertising injury" offenses.

### NINTH AFFIRMATIVE DEFENSE

The Policies provide "advertising injury" coverage only for an injury caused by an offense committed in the course of advertising the insured's goods, products or services. Coverage for the claims described in the Underlying Complaint is barred to the extent that they seek reimbursement, contribution, or indemnification for losses caused by alleged offenses that were not committed in the course of advertising the insured's goods, products or services.

- 6 -

## TENTH AFFIRMATIVE DEFENSE

Coverage under the "advertising injury" provisions of the Policies is barred to the extent the alleged losses were caused by an "advertising injury" offense committed prior to the inception, or after the expiration, of the Policies' effective periods.

## ELEVENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent the alleged losses constitute "advertising injury" arising out of oral or written publication of material done by or at the direction of the insured with knowledge of its falsity.

## TWELFTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses constitute "advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

## THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses constitute "advertising injury" arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.

## FOURTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses constitute liability which the insured has assumed in a contract or agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses constitute "advertising injury" arising out of a breach of contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses constitute "advertising injury" arising out of the failure of goods, products or services to conform with advertised quality or performance.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses constitute "advertising injury" arising out of the wrong description of the price of the goods, products or services.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that the alleged losses constitute "advertising injury" arising out of an offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

## NINETEENTH AFFIRMATIVE DEFENSE

The Policies provide no coverage for loss or damage which constitutes, represents or arises out of claims, demands or suits seeking equitable, restitutionary or injunctive relief.

## TWENTIETH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred for punitive or exemplary damages because such insurance may be barred by public policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Travelers has no obligation to pay defense costs incurred before Tommark's defense demand was tendered to Travelers.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Policies do not afford coverage to any entity that is not an "insured" under the Policies. To the extent any losses alleged in the Underlying Complaint were incurred during a period of time when Tommark was not an insured, whether named insured, additional insured or otherwise, coverage is barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Policies provide no coverage with respect to the conduct of any current or past partnership or joint venture that is not identified in the policy as a named insured. Coverage under the Policies is barred to the extent the alleged losses arise out of the conduct of such a partnership or joint venture.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Tommark's claims are barred, at least in part, to the extent that the attorneys' fees and expenses incurred by Tommark in its defense of the Underlying Action are excessive and/or unreasonable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Tommark had notice of conditions, events, or damages at issue in the Underlying Complaint and failed to give timely notice to Travelers in accordance with the terms of the Policies, no coverage exists.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Tommark failed to mitigate, minimize or avoid any damages it allegedly sustained, recovery against Travelers, if any, must be reduced by that amount.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Travelers' liability, if any, is limited by the insurance contract provisions pertaining to the limits of liability, self-insured retentions, other applicable insurance, deductibles and any other provisions which limit Travelers' liability.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that any insured has failed to perform its obligations and comply with the terms, conditions and provisions of the insurance contract.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Coverage under the Policies is barred to the extent that any insured has made any voluntary payments, assumed any obligations, or incurred any expenses without Travelers' consent.

## THIRTIETH AFFIRMATIVE DEFENSE

The above referenced Affirmative Defenses are interposed based upon a review of the Complaint and its clear indication that Tommark pursues the instant claims against Travelers pursuant to the "advertising injury" line of coverage afforded by the Policies.  To the extent that Tommark seeks coverage under other provisions of the Policies, or to the extent that Travelers becomes aware of additional defenses not cited above (whether based upon facts currently known or facts discovered subsequent to the filing of the within Answer), Travelers reserves the right to assert additional affirmative defenses in this matter, including such additional defenses based upon the provisions, terms, conditions, limitations, definitions and/or exclusions of the Policies.

**WHEREFORE,** Travelers requests that the request for relief of Tommark be denied and that judgment be entered against Tommark and in favor of Travelers as follows:

- 10 -

1.     A declaration that Travelers had no duty to defend Tommark in connection with the Underlying Complaint;

2.     A declaration that Travelers does not owe Tommark attorneys' fees, costs or any other expenses incurred in connection with the Underlying Complaint or in connection with this action; and

3.     For such other and further relief as this Court deems just and proper.

By: _____

       Brent A. Tingle
       Morrison Mahoney LLP
       One Chestnut Place
       10 Chestnut Plaza, Suite 470
       Worcester, Massachusetts 01608
       Telephone: (508) 757-7777
       Facsimile:  (508) 752-6224

       Attorneys for Defendants,
       The Travelers Indemnity Company and
       Travelers Property Casualty Company of America
       f/k/a Travelers Indemnity Company of Illinois
       (incorrectly pled as Travelers Property and Casualty
       Company n/k/a The St. Paul Travelers Companies,
       Inc.)

Dated: September 2, 2005

- 11 -

SFNJ1 1079218v2