UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | | Civil Action<br>No. 05CV40147FDS |
| TOMMARK, INC. d/b/a | ) | |
| STERLING ASSOCIATES, | ) | |
| Plaintiff | ) | |
| | ) | AMENDED |
| v. | ) | COMPLAINT FOR |
| | ) | DECLARATORY JUDGMENT |
| TRAVELERS PROPERTY | ) | |
| CASUALTY COMPANY of | ) | |
| AMERICA f/k/a TRAVELERS | ) | |
| INDEMNITY COMPANY OF | ) | |
| ILLINOIS AND TRAVELERS | ) | |
| INDEMNITY COMPANY | ) | |
| Defendant | ) | |

<u>INTRODUCTION</u>

The plaintiff, Tommark, Inc d/b/a Sterling Associates (Sterling Associates) alleges as its amended complaint against defendants Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinios and The Travelers Indemnity Company (collectively "Travelers").

The plaintiff, Sterling Associates, seeks a declaration of its rights as a named insured under commercial general liability insurance policies issued by the defendants. More specifically the plaintiff  Sterling Associates seeks a declaration that Travelers had a duty to defend in connection with an action brought by Sterling Acceptance Corporation in the underlying action *Sterling Acceptance Corporation v Sterling Associates, Inc.,* United States District Court for the District of Maryland, C .A. No. HO 1 CV292 1. The plaintiff Sterling Associates seeks judgment against the defendants Travelers as follows: a) declaring that Travelers breached its duty to defend the underlying action; b) awarding Sterling Associates its attorneys fees, costs and other expenses incurred in defending the underlying action and all other damages sustained as a result of the breach by Travelers of its duty to defend, together with interest accrued and accruing thereon according to law; c) awarding Sterling Associates its attorneys fees and costs in this action; d) granting such other and further relief as to which Sterling Associates is entitled

<u>PARTIES</u>

1.     The plaintiff is Tommark, Inc d/b/a Sterling Associates ("Sterling Associates") a duly organized business with a principal place of business at 49 Church Street, Whitinsville, Massachusetts.

2.      The defendants are Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinios and The Travelers Indemnity Company (collectively "Travelers"), which are duly organized businesses located at One Tower Square, Hartford, Connecticut.  Travelers, by using the term "Travelers Property Casualty" and "Travelers Group" in policies it issued and in correspondence, has done business under these names and styles.

<u>EACTS</u>

3.      Travelers issued the following Commercial General Liability polices insuring Sterling Associates as an insured:

> Policy No: I - 680-987H980-4-IND-00
> Policy Period: 11/15/00 to 11/15/03
>
> Policy No: I-680-379D468-0-IND-00
> Policy Period: 11/10/0 to 11/10/03
>
> Policy No: Y-630-261X7321-TIL-01
> Policy Period: 2/1/01-2/1/02
>
> Policy No: Y-660-276C5120-TIL-01
> Policy Period: 2/1/01-2/1/02

4.      The policies provide coverage for "advertising injury" and require Travelers to defend any suit seeking damages on account of such "advertising injury" to which the insurance applies.

5.      The insuring agreement further specifies that the advertising injury to which such insurance applies must be "caused by an offense committed in the course of advertising your goods, products ox services; but only if the offense was committed  during the policy period" (Coverage B, para.1.b). The term "advertising injury" is defined to include [m]isapproprations of advertising ideas or style of doing business; or  [I]nfringement of copyright, titled or slogan" (Section V, para.1 c&d)..

6.      The plaintiff Tommark, Inc. d/b/a Sterling Associates timely placed Travelers on notice of a Complaint styled *Sterling Acceptance Corporation v. Sterling Associates, Inc* ,United States District Court for the District of Maryland, C.A. No H01CV2921 (hereinafter the "Complaint"), a copy of which is attached and marked Exhibit A..

7.      Among other things, the Complaint alleges that your' insured "has actively promoted advertised, and actually sold its services in this District, and presently continues to engage in such activities "(Complaint par. 20)

8.      The Complaint goes on to allege that your insured "has and continues to adopt names and trademarks confusingly similar to those of the plaintiff." (Id., paras 21-24)

9.    The Complaint cites examples of confusion and mistake allegedly resulting from these uses in June or July 2000 (para 26), December 2000 (para. 27) mid-1999 to mid-2000 (para. 28); and spring 1999 (para. 29).

10.    The Complaint alleged that counsel for the plaintiff in the underlying complaint informed the defendant of its allegations of trademark infringement on July 5,2001, but defendant refused to comply with plaintiffs demands to discontinue its allegedly unauthorized use of the disputed trademarks (para 30).

11.    The Complaint alleges specifically that your insured continues such unauthorized use today, and seeks an injunction against such future uses (paras. 31, 34, 41,46).

12.    The Complaint plainly alleges advertising liability arising from offenses and continuing during the effective dates of both policies issues by the Travelers.

13.    The plaintiff Tommark, Inc. d/b/a Sterling Associates is entitled to coverage for any "offense that was committed during the policy period" (Coverage B, para.l.b).

14.    Despite demand, Traveler's failed and refused to discharge its duty to defend Tommark, Inc. d/b/a Sterling Associates and has refused to reimburse Tommark, Inc. d/b/a Sterling Associates for its defense costs incurred in defending the underlying claim by Sterling Acceptance Corporation, all in breach of the policies at issue.

15.    As of May 27, 2004, the plaintiff Tommark, Inc. d/b/a Sterling Associates cost to defend this underlying action was at least $202,736.00 for which the plaintiff Tommark, Inc. d/b/a Sterling Associates claims the defendant Travelers is liable to pay pursuant to the policies at issue

16.    There is an actual existing controversy between the plaintiff Tommark, Inc d/b/a Sterling Associates and Traveler's as to Travelers obligation to defend (and now pay for the defense and all attendant costs thereof) Tommark Inc d/b/a Sterling Associates in the underlying action: *Sterling Acceptance Corporation v Sterling Associates, Inc.,* United States District Court for the District of Maryland, CA. No. I-101CV2921.

Wherefore, Tommark Inc. d/b/a Sterling Associates demands judgment as follows:

      a)    declaring that Travelers breached its duty to defend the underlying action;

      b)    awarding Tommark Inc. d/b/a Sterling Associates its attorneys fees, costs and other expenses incurred in defending the underlying action and all other damages sustained as a result of the breach by Travelers of its duty to defend, together with interest accrued and accruing thereon according to law;

      c)    awarding Tommark, Inc. d/b/a Sterling Associates its attorneys fees and costs in this action;

d)    granting such other and further relief as to which Tommark, Inc. d/b/a Sterling Associates is entitled.

Tommark Inc. d/b/a Sterling Associates, by its attorney:

/s/ Timothy P. Wickstrom

_____

Timothy P. Wickstrom
Tashjian, Simsarian & Wickstrom
370 Main Street
Worcester, MA 01608
(508) 756-1578
B.B.O. #541953